## Case No. 8,171.

LEAVITT et al. v. COWLES et al.

[2 McLean, 491.] [1]

Circuit Court, D. Illinois. June Term, 1841.

COURTS—JURISDICTION—CITIZENSHIP AVERMENT—REPUGNANT AVERMENTS—LOST NOTE ASSIGNED—RIGHT OF PROMISEE TO BRING SUIT — LEGAL RIGHT TO NOTE AFTER ASSIGNMENT.

1. The citizenship of the party, which is to give jurisdiction to the court, must be specially averred.

2. That the plaintiffs are citizens of New York, to wit, of Illinois, where the suit is brought, is a repugnant averment.

3. On a lost note which has been assigned, suit must be brought in the name of the assignee. The promisee being in possession of the note, and having assigned it merely for the purpose of collection, may strike out the assignment, and sue in his own name.

[Cited in Parks v. Brown, 16 Ill. 456.]

4. The legal right is vested in the assignee, and can only be divested by striking out the assignment as above, or by reassignment. Counts before verdict may be discontinued.

At law.

Mr. Davis, for plaintiffs.
Mr. Krum, for defendants.

OPINION OF THE COURT. This action is brought on two promissory notes. The first count states one of the notes, and alledges the plaintiffs made the following indorsements: "Pay J. J. Fish, Cashier, or order;" J. W. and R. Leavitt. "Pay J. Smith Homar, Esq., or order;" John J. Fisk, Cashier. "Pay to the order of J. H. Lee, Esq., Cashier;" John B. Camden, President,—and that the same indorsements made were merely for the purpose of collecting the notes, &c., and that the property in the note is now and ever has been in the plaintiffs. That the note was casually lost, &c. The second count differed only from the first in stating that the note was lost in the mail, and that the plaintiffs tendered a bond of indemnity. The third count is on a different note, payable as the first one was, at the Alton Branch Bank, &c., indorsed as above, and was presented at the bank for payment. The fourth and fifth counts were general for money had and received, &c. In the last count the plaintiffs aver, that at the several and respective times when the various causes of action accrued in the several counts, &c., they were citizens of the state of New York, to wit: At New York. in the state of New York, to wit: At Springfield, in the state and district of Illinois, aforesaid, and within the jurisdiction of this court. To the declaration a general demurrer was filed.

The court remarked that there was a repugnancy, as to the averment of citizenship of the plaintiffs, in stating that they were citizens of New York, to wit, of Illinois.

This is the form used in declaring on a note, dated at a particular place, and payable there, in order to bring the cause of action within the jurisdiction of the court. But the citizenship of the plaintiffs being in this case the ground of jurisdiction in the federal court, it should be averred positively, and not as in this declaration. They, therefore, suggested the propriety of an amendment of the declaration in this particular. And as regards the assignments of the lost note, set out in the first and second counts, the court remarked—the title of the note did not appear to be in the plaintiffs. A note having been assigned, as they alledge, for the mere purpose of collection, being in the hands of the promisee, he may strike out the assignments and sue in his own name. This striking out makes the note conform to the declaration; and the possession and property of the note being in the promisee, he has a right to strike out the indorsements; but the present note is not in possession of the plaintiffs. The indorsements remain, and the plaintiffs seek to recover by stating the indorsements, and alledging that they were merely made for the purpose of collection. For whatever purpose they were made, no one can doubt that they authorized the last indorsee to bring the action in his own name. The legal right was then vested in him, and this right can not be divested except by reassignment, or by being stricken out. And when stricken out it is never necessary, or, indeed, proper, to state the indorsements in the declaration. It was formerly the English practice to insert a special count on a lost note, in order to let in evidence of a secondary character, but this is not necessary. Benner v. Bank of Columbia, 9 Wheat. [22 U. S.] 581. There can be no doubt that a note indorsed merely to enable the assignee to collect it, and which has become lost, may be recovered for the benefit of the original promisee, in the name of the assignee. And we suppose that this is the proper form of bringing the action under the circumstances of this case. The plaintiffs asked leave to discontinue the first and second counts, which was granted. Counts before verdict may be discontinued. Hughes v. Moore, 7 Cranch [11 U. S.] 176.